UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP COLE<br>individually and on behalf of all others<br>similarly situated,<br>                  Plaintiff,<br><br>v.<br><br>EQUIFAX INC.<br><br>                  Defendant. | C. A. No. |

# CLASS ACTION COMPLAINT

## INTRODUCTION

As has been widely reported, during the months of May to July 2017, hackers exploited a vulnerability in Equifax's systems and stole millions of names, social security numbers, birth dates, addresses, driver's license numbers, credit card numbers, and dispute documents maintained to its trust. It appears that criminals are already offering this highly valuable and sensitive personal information for sale on the internet, and Mr. Cole, along with his fellow putative class members, are now suffering significant harm as a result of Equifax's lapses and breaches of trust. Plaintiff and Class Members are certain to suffer more harm as their personal information continues to travel in the stream of illegal commerce and pass through the hands of criminals intent on exploiting it to the maximum. Consequently, Mr. Cole, on his own behalf and on behalf of all other similarly-situated Massachusetts consumers, asserts a claim for damages and injunctive relief.

Mr. Cole alleges the following upon personal knowledge as to himself, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Philip Cole is a consumer residing in Methuen, Massachusetts.

2. Defendant Equifax Inc. ("Equifax") is a foreign corporation with a principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia.

3. Equifax's registered agent, The Prentice-Hall Corporation System, Inc., is located at 84 State Street, Boston, MA 02109.

4. Equifax is engaged in trade or commerce.

5. Equifax is one of the "big three" consumer credit reporting agencies in the United States. Founded in 1899, Equifax is the oldest of the three agencies and gathers and maintains information on more than 800 million consumers worldwide. Equifax earns over $2.7 billion in annual revenue and employs more than 9,000 individuals in 14 countries. The equity shares of Equifax are publicly-traded on the New York Stock Exchange.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). In the aggregate, the claims herein exceed $5,000,000 exclusive of interest and costs, and the Plaintiff and Class Members are citizens of states other than Georgia.

7. This Court has personal jurisdiction over Defendant pursuant to G.L. c. 223A, §3(a) because: (i) Defendant regularly transacts and has transacted business in the Commonwealth of Massachusetts; (ii) Defendant has committed torts within the

Commonwealth of Massachusetts; (iii) Defendant solicits business within the Commonwealth of Massachusetts; and (iv) the acts or conduct that are the subject matter of this action arose from Defendant's transaction of business in Massachusetts.

8. Venue in this district is proper as the Plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

9. On September 7, 2017, Equifax announced a "cybersecurity incident potentially impacting approximately 143 million U.S. consumers. Criminals exploited a U.S. website application vulnerability to gain access to certain files. Based on the company's investigation, the unauthorized access occurred from mid-May through July 2017." Equifax further stated that, "The information accessed primarily includes names, Social Security numbers, birth dates, addresses and, in some instances, driver's license numbers. In addition, credit card numbers for approximately 209,000 U.S. consumers, and certain dispute documents with personal identifying information for approximately 182,000 U.S. consumers, were accessed." *Equifax Announces Cybersecurity Incident Involving Consumer Information*, retrieved from https://www.equifaxsecurity2017.com/, September 10, 2017.

10. As of September 10, 2017, Plaintiff's and Class Members' stolen personal information may already be available for sale on the dark web. *See* https://twitter.com/campuscodi/status/906131649821278208, retrieved September 10, 2017.

11. One way or another, however, Plaintiff's and Class Members' personal information will enter the stream of illegal commerce on the dark web. *See*, *e.g.*, *Here's*

*what your stolen identity goes for on the internet's black market*, retrieved from https://goo.gl/ZmZ1ER, September 10, 2017 (examples of sales and values of personal information stolen in previous data breaches).

12. As a big-three credit reporting agency, Equifax is specially entrusted by the with the care of maintaining Plaintiff's and Class Members' highly-sensitive personal information, and only permitting access to that information in accordance with the law.

13. As Equifax's CEO, Richard F. Smith, put it on September 7, 2017, the failure to safeguard that information went to the "heart of who we are and what we do."

14. According to Equifax, Mr. Cole was among those Massachusetts consumers whose personal information was compromised. *See* Exhibit A.

15. The Plaintiff, Philip Cole, is a single father who works two full-time jobs to support himself and his two children. Credit is an essential part of how Mr. Cole makes ends meet, and in some months, he relies heavily on credit cards to pay his family's expenses. If Mr. Cole's credit information or profile is damaged, it would affect his ability to provide for his children, and that risk, increased significantly by the Equifax breach, is already causing him worry and insecurity.

16. Mr. Cole also commutes two hours roundtrip as a critical-care flight paramedic. If Mr. Cole's car sustains mechanical damage or is in an accident, he will need to obtain another car loan immediately, which he now worries will not be possible or will at least be much more difficult, as a result of the Equifax breach.

17. Lastly, when Mr. Cole was 19 years old, he used too much credit and got behind in payments. As a result, his credit profile was damaged. Since that time, he has worked hard to improve his credit and is now at the point where he is reaping the rewards of a

quality credit profile. Mr. Cole believes that it would be deeply unfair if his hard work and the substantial sums of money he has paid to improve his credit profile were wasted due to a preventable data breach.

18. As a result of the Defendant's failure to adequately maintain and safeguard the Plaintiff's and Class Members' personal information, they have suffered and will continue to suffer serious and substantial harm.

## CLASS ALLEGATIONS

19. The Plaintiff brings this action on behalf of a class of all other Massachusetts consumers similarly situated.

20. The class consists of all persons who satisfy the following criteria:

   a. Massachusetts consumers;

   b. Whose personal information (including names, social security numbers, birth dates, addresses, driver's license numbers, credit card numbers, or dispute documents) was maintained by Equifax; and

   c. Whose personal information was accessed or disclosed without the written consent of the consumer between May 2017 to the present.

21. The class is sufficiently numerous that joinder of all members is impractical.

22. On information and belief, the class consists of millions of consumers.

23. There are questions of law and fact which are common to all members of the class. These questions predominate over any question affecting only individual class members.

24. The Plaintiff has the same claims as the members of the class. All claims are based on the same factual and legal theories.

25. The Plaintiff and class counsel will fairly and adequately represent the interests of class members. There is no reason the Plaintiff and counsel will not vigorously pursue this matter.

26. Certification of this class pursuant to Fed. R. Civ. P. 23(b)(3) is appropriate. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

   a. The individual class members may not be aware that they have been wronged and are thus unable to prosecute individual actions;

   b. Concentration of the litigation concerning this matter in this Court is desirable;

   c. The claims of the representative Plaintiff are typical of the claims of the class; and

   d. A failure of justice will result from the absence of a class action.

27. Certification of this class pursuant to Fed. R. Civ. P. 23(b)(2) is also appropriate. The defendant has acted on grounds generally applicable to the class thereby making injunctive relief appropriate with respect to the class as a whole.

## CLAIMS FOR RELIEF

### Count I

### Invasion of Privacy Under M.G.L. c. 214, § 1B and the Common Law of Massachusetts

28. Plaintiff incorporates and realleges the foregoing paragraphs.

29. By failing to keep the Plaintiff's and Class Members' personal information safe and secure, and by disclosing that information to unauthorized parties for unauthorized use, Defendant invaded Plaintiff's and Class Members' privacy.

30. This invasion of privacy was unreasonable and was substantial and serious.

31. Defendant invaded the Plaintiff's and Class Members' right to privacy and intruded into their private affairs by misusing and/or disclosing their personal information without their informed, voluntary, affirmative and clear consent.

32. As a proximate result of such misuse and disclosures, the Plaintiff's and Class Members' reasonable expectations of privacy in their personal information were violated.

33. The Plaintiff and Class Members incurred damages as a result of Defendant's invasion of privacy.

## Count II

## Negligence

34. Plaintiff incorporates and realleges the foregoing paragraphs.

35. Defendant owed a duty to Plaintiff and Class Members of reasonable care in safeguarding and protecting their personal information in its possession from being compromised, lost, stolen, misused and/or disclosed to unauthorized parties.

36. This duty included among other things, designing, maintaining and testing Defendant's security systems to ensure that the Plaintiff's and Class Members' personal information in Defendant's possession was adequately secured and protected, and, when appropriate, to use reasonable care to destroy, and not unnecessarily store their personal information.

37. Defendant also had a duty to implement processes that would detect a breach of its security system in a timely manner.

38. Defendant had a duty to timely disclose to Plaintiff and Class Members that their personal information had been or was reasonably believed to be compromised. Despite

knowing of the breach as early as July 29, 2017, Defendant failed to inform Plaintiff and Class Members until September 7, 2017.  Earlier disclosure would have allowed Plaintiff and Class Members to take appropriate action to set up credit fraud alerts, avoid unauthorized charges on their accounts, cancel or change account numbers on compromised credit cards, and monitor their account information for fraudulent charges.

39.    Defendant breached its duty to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' personal information in its possession by failing to adopt, implement, and maintain adequate security measures to safeguard that information; failing to adequately monitor the security of its networks and data environments; allowing unauthorized access to Plaintiff's and Class Members' personal information stored on its networks and data environments; improperly storing personal information on its network and data environments; and failing to recognize in a timely manner that its networks and data environments had been breached.

40.    Defendant breached its duty to timely disclose that Plaintiff's and Class Members' personal information in its possession had been or was reasonably believed to have been, stolen or compromised.

41.    The breach of security and unauthorized access to the Plaintiff's and Class Members' personal information was reasonably foreseeable as a result of Defendant's failure to exercise reasonable care in safeguarding it.

42.    As a direct and proximate result of the Defendant's conduct, Plaintiff and Class Members suffered damages including, but not limited to, loss of control of their personal information; monetary loss for fraudulent charges and unauthorized disbursements; fear and apprehension of fraud, loss of money, and identity theft; the burden and cost of credit

monitoring to monitor their accounts and credit history; the burden and cost of closing compromised accounts and opening new accounts; the burden of closely scrutinizing statements for past and future transactions; damage to their credit standing; loss of privacy; and other economic and non-economic damages.

## COUNT III
## Violations of Chapter 93A

43. The Plaintiff intends to assert a claim under M.G.L. c. 93A, the Massachusetts Consumer Protection Act, which makes it unlawful to engage in any "[u]nfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2(1). Today, the Plaintiff will make a class-wide demand on the Defendant in compliance with M.G.L. c. 93A, § 9(3), and he will amend this Complaint to assert claims under Chapter 93A once the required 30 days have elapsed unless those claims are satisfied pursuant to the demand. This paragraph is included for purposes of notice only and is not intended to assert a claim under Chapter 93A.

WHEREFORE, the Plaintiff, Philip Cole, respectfully requests that this Court certify the class and order the following relief against the Defendant Equifax Inc.:

A.  An award of actual damages;

B.  An injunction requiring Defendant to correct all flaws in its networks and data security systems;

C.  Equitable relief enjoining the Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and the Class members' personal information;

D.  such other relief that the Court deems just.

## JURY DEMAND

The Plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 11th day of September, 2017.

                                          PHILIP COLE,
                                          by his attorney,

                                          */s/ Nicholas F. Ortiz*
                                          Nicholas F. Ortiz, BBO# 655135
                                          Raven Moeslinger, BBO# 687956
                                          Law Office of Nicholas F. Ortiz, P.C.
                                          99 High Street, Suite 304
                                          Boston, MA 02110
                                          (617) 338-9400
                                          nfo@mass-legal.com